BEFORE THE SECOND DIVISION, OCTOBER 9, 1958

**No. 62359.**—C. J. Tower & Sons *v.* United States, protests 180703–K, etc (Buffalo).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of aluminum alloys similar in all material respects to those the subject of *C. J. Tower & Sons* v. *United States* (45 C. C. P. A. 43, C. A. D. 670), the claim of the plaintiff was sustained.

**No. 62360.**—B. Eisenbach *v.* United States, protest 293792–K (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of handwritten biblical manuscripts written by traditional scribes of the Orthodox Jewish faith, the claim of the plaintiff was sustained.

**No. 62361.**—Pennsylvania Textile Corp. and Frank P. Dow Co., Inc. *v.* United States, protest 227020–K (A) (San Francisco).

Opinion by FORD, J.   In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 62362.**—Ideal Mercantile Corp. and Frank P. Dow Co., Inc. *v.* United States, protests 234372–K and 234373–K (San Francisco).

Opinion by FORD, J.   In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, AUGUST 29, 1958

**No. 62363.**—Herman H. Sticht Co., Inc. *v.* United States, protest 306018–K (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the issues are the same in all material respects as those the subject of *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519), the protest was dismissed, and the matter was remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).

BEFORE THE SECOND DIVISION, OCTOBER 15, 1958

**No. 62364.**—H. J. Heinz Company *v.* United States, petition 7234–R (Pittsburgh).

LAWRENCE, Judge:   By these proceedings, petitioner seeks to recover additional duties imposed by reason of the fact that the total appraised value of an importation of tomato pulp from England exceeded the value declared upon entry.   Section 489 of the Tariff Act of 1930 (19 U. S. C. § 1489).

At the trial of the case, Edward D. Fitzpatrick was called to testify on behalf of petitioner.   From his testimony, it appears that Fitzpatrick, employed by H. J. Heinz Company, the petitioner, for the past 10 years serving in the capacity of department head, made entry of the merchandise covered by entry 739, involved herein.   The subject merchandise was exported to petitioner from England by its subsidiary, H. J. Heinz, Ltd.   The petitioner was in close touch with the market abroad for tomato pulp.   It appears that the particular quality of tomato pulp involved is used exclusively in Heinz products.   The witness was aware of the fact that there was a tomato pulp sold in England other than the merchandise sold to his company and knew that the price thereof was substantially lower than that of the Heinz quality tomato pulp, the reason being, the witness explained, that the Heinz Company has very rigid specifications as to the quality of its product.

At the time of making entry, the usual form of submission sheet was filed with the United States Appraiser at Pittsburgh, the port of entry.   As petitioner's collective exhibit 2, there was received in evidence a copy of said submission sheet, attached to which was a memorandum apparently over the initials of the appraiser at Pittsburgh which reads as follows—

No current information as to market value on or about the date of exportation. Suggested basis of entry: Invoice unit values, net, packed.

Predicated upon information obtained from England as to the current market and in accordance with the memorandum supplied by the appraiser, entry of the merchandise was made at the invoice unit values, net, packed, which value was much greater than the value applicable to similar merchandise sold in England.

When the merchandise was finally appraised at a value higher than that declared on entry, petitioner was afforded an opportunity to amend the entered